### Thomas F. Farrelly v. A. Hogshead.

1. APPELLATE COURT PRACTICE—*What Points Can Not Be Raised for the First Time in the Appellate Court.*—The point that when two or more persons are sued jointly upon a contract, the judgment must be against all or none, can not be raised for the first time in the Appellate Court.

Assumpsit, for goods sold, etc. Appeal from the Circuit Court of Clinton County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

MULKEY & McHALE, attorneys for appellant.

THOS. E. FORD, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit commenced before a justice by appellee against ap-

Farrelly v. Hogshead.

pellant, Richard O. Gorman and Mrs. Richard O. Gorman, for groceries sold and delivered to Richard O. Gorman. Judgment for appellee by default for $15.49 against all three defendants.

Farrelly alone appealed, filing his bond in the Circuit Court, from which a supersedeas issued commanding " the justice and constable to suspend all further proceedings on said judgment and cease from molesting the said Thomas F. Farrelly on occasion thereof," etc.

No summons or notice from the Circuit Court was served upon the Gormans.

The case was tried in the Circuit Court by jury and a verdict rendered against Farrelly for $11.89. A motion for a new trial was overruled and judgment rendered on verdict against Farrelly, from which he appealed. No objection or exception is shown to have been taken to the judgment against Farrelly alone. It is now urged that the suit being originally against three defendants, and one only having appealed to the Circuit Court, that the court erred in entering judgment against him alone, for the reason that when two or more are sued jointly upon a contract, judgment must be against all or none. It is a sufficient reply to this alleged error, that the objection is now for the first time made. The attention of the court below was not called to it, and the objection made now comes too late.

The instruction given for appellee is not open to the objection urged by counsel, and the two instructions, one for appellant and one for appellee, taken together, correctly state the law of agency applicable to the case.

There was some evidence tending to sustain the verdict. The jurors heard the witnesses, and found against appellant in an amount too small to warrant protracted litigation. The judgment will therefore be affirmed.